**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MUNCHKIN, INC., | |
| Plaintiff, | |
| v. | Case No. 1:18-cv-6337 |
| | JURY TRIAL DEMANDED |
| TOMY INTERNATIONAL, INC., | |
| Defendant. | |

## COMPLAINT

Plaintiff Munchkin, Inc. ("Munchkin") hereby sets forth its Complaint against Defendant Tomy International, Inc. ("Tomy"), as follows:

### THE PARTIES

1.      Munchkin is a Delaware corporation with its principal place of business at 7835 Gloria Avenue, Van Nuys, California 91406.

2.      Upon information and belief, Tomy International, Inc. is a Delaware corporation with its principal place of business and corporate headquarters located at 2015 Spring Road, Suite 700, Oak Brook, Illinois 60523.  Upon further information and belief, Tomy is the owner of The First Years brand, and promotes, markets, and sells the products described herein under The First Years brand name throughout this District and the United States.

### JURISDICTION AND VENUE

3.      This action arises under the patent laws of the United States, 35 U.S.C. § 271, §§ 281–285, § 289, and Munchkin seeks monetary damages and injunctive relief herein.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      Tomy is subject to personal jurisdiction in this District and subject to this Court's specific and general jurisdiction, pursuant to due process, on the grounds that it resides in this District and/or the State of Illinois, has committed acts of patent infringement in this District and

the State of Illinois, and regularly conduct and/or solicit business, engage in other persistent courses of conduct, and/or derive substantial revenue from the sale of services to persons or entities in this District and the State of Illinois.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1400(b) because Tomy resides in this District and/or has committed acts of infringement and has a regular and established place of business in this District.

## FACTUAL BACKGROUND

### *Munchkin's revolutionary cup technology*

6.     Munchkin was founded in 1991 and is a market-leading designer, developer, manufacturer, and distributor of baby, infant, and children's products.  Munchkin's success can be attributed to the company's expertise in developing safe and inventive baby products that make parenting easier and more enjoyable.

7.     Munchkin's track record of introducing innovative new technology is unparalleled in the baby products industry.  Munchkin has won dozens of industry awards for its products, has been granted over 200 patents, and believes that its brand image is very important because consumers want a single trustworthy source for all of their baby care needs.

8.     As a market leader in the infant and children's feeding category, Munchkin has created a broad range of popular feeding products for newborns, infants, and toddlers, including spill-proof trainer cups, sippy cups, and straw cups.

9.     Despite the success of those products, none of those cups rival the revolutionary and best-selling Miracle® 360° Cups designed, developed, and sold by Munchkin.

10.     As depicted in the following graphics, the Miracle® 360° Cups are revolutionary spoutless sippy and trainer cups that allow babies and toddlers to drink from anywhere around the rim of the cup like a regular adult cup without the fear of spilling.  The cups incorporate a spill-proof design that automatically seals when a baby or toddler stops drinking to help eliminate spills.



11.     As with all Munchkin products, the Miracle® 360° Cups are sold via its own website, www.munchkin.com, Amazon, and other online retailers, as well as at thousands of brick and mortar retailers nationwide like Target, Walmart, Buy Buy Baby, and more.

12.     Munchkin is the owner of numerous patents covering its spoutless, non-spill cup design.  For example, Munchkin is the legal owner of U.S. Patent No. 9,888,796 (the "'796 Patent"), which is titled "Non-Spill Drinking Container," and includes claims directed to, among other things, a non-spill container having a collar and seal assembly from which drinking can occur at any location around the rim of the collar and seal assembly.  The '796 Patent was duly and legally issued on February 3, 2018 and is valid.  Munchkin is the assignee and owner of all right, title, and interest in and to the '796 Patent, including the right to assert all causes of action arising under the patent and the right to any and all remedies for infringement of it.  A true and correct copy of the '796 Patent is attached hereto as Exhibit A.

13.     By way of example, Claim 1 of the '796 Patent is representative:

A non-spill collar and seal assembly, comprising:
a collar comprising:

an open upper end proximate to and including an upper end of a sidewall, an upper perimeter, and a rim;

a closed lower end having a projection extending upward therefrom and one or more passages disposed through the closed lower end to channel a fluid;

the sidewall having a tapered shape that extends from the open upper end inward toward the closed lower end, and a support surface provided along an inner surface of the sidewall adjacent to the open upper end having one or more protrusions disposed radially adjacent to the support surface defining one or more channels; and

a fastener assembly provided on an external wall of the collar; and

a seal having a surface substantially similar to a shape of the open upper end, the seal having an aperture for receiving and securing projection therein.

14.    Munchkin is also the legal owner of U.S. Patent No. D744,281 (the "'281 Patent"), which is titled "CONTAINER." The '281 Patent was duly and legally issued on December 1, 2015 and is valid. The '281 Patent has a single claim that covers the ornamental design for a container as shown and described in the figures incorporated into the '281 Patent. Munchkin is the assignee and owner of all right, title, and interest in and to the '281 Patent, including the right to assert all causes of action arising under the patent and the right to any and all remedies for infringement of it. A true and correct copy of the '281 Patent is attached hereto as Exhibit B.

15.    By way of example, Figure 1 of the '281 Patent, which shows an upper front perspective of the container, is representative:



16.     Munchkin has complied with the marking requirements of 35 U.S.C. § 287 with respect to the '796 and '281 Patents, to the extent applicable.

***Tomy's Infringing Conduct***

17.     Tomy is also engaged in the creation, manufacture, and distribution of baby, infant, and children's products, including cups, tableware, pacifiers, feeding seats, bath toys and bath accessories under the branded name The First Years.

18.     In particular, Tomy makes, sells, offers to sell, and/or imports its line of The First Years branded Simply Spoutless Cups via its own website (www.tomy.com), The First Years' website (www.thefirstyears.com), other online retailers, and various brick and mortar retail locations in this District and throughout the United States.  The following are just a few examples of the spoutless cup products being sold by Tomy under The First Years brand:



19.    On The First Years website (www.thefirstyears.com), Tomy markets The First Years Simply Spoutless Cups as "spoutless, spill-proof" cups that "helps kids transition to an open cup by letting them sip all around the rim, just like an adult's open top cup," and it promotes the "spill-proof design" that "automatically seals when your child stops drinking to stop spills."

20.    Tomy's The First Years Simply Spoutless Cups practice every element of one or more claims of the '796 Patent (including without limitation claims 1, 5, 9, and 15) and the '281 Patent.

## COUNT I

### (Infringement of U.S. Patent No. 9,888,796)

21.    Munchkin incorporates by reference all previous allegations as though set forth fully here.

22.    Tomy has infringed and continues to infringe one or more claims of the '796 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing in or into the United States The First Years Simply Spoutless Cups identified above that embody the patented invention disclosed in the '796 Patent.

23.    Tomy's infringing acts are without license or authorization from Munchkin.

24.    Given Munchkin's compliance with the marking requirements of 35 U.S.C. § 287 with respect to the '796 Patent, Tomy knew or should have known that that its actions constitute infringement of the '796 Patent, and yet Tomy has continued in its infringement. Thus, Tomy's infringement is therefore willful and continuing, and this case is exceptional under 35 U.S.C. § 285.

25.    As a direct and proximate result of Tomy's infringement of the '796 Patent, Munchkin has suffered and will continue to suffer injury for which it is entitled to damages under 35 U.S.C. § 284 adequate to compensate it for such infringement, in an amount to be proven at trial, as well as enhanced damages. Munchkin's damages include its lost profits, but

are in no event less than a reasonable royalty.

26.     As a direct and proximate result of Tomy's infringement of the '796 Patent, Munchkin has also suffered irreparable injury for which it has no adequate remedy at law. Unless Tomy is permanently enjoined from further infringement of the '796 Patent, Munchkin will continue to suffer irreparable injury and impairment of the value of its patent rights.

## COUNT II

### (Infringement of U.S. Patent No. D744,281)

27.     Munchkin incorporates by reference all previous allegations as though set forth fully here.

28.     Tomy has infringed and continues to infringe the '281 Patent under 35 U.S.C. §§ 271 and 289 by making, using, offering to sell, selling, and/or importing in or into the United States The First Years Simply Spoutless Cups identified above that embody the patented invention disclosed in the '281 Patent.

29.     Tomy's infringing acts are without license or authorization from Munchkin.

30.     The design of Tomy's The First Years Simply Spoutless Cups so closely resembles the invention disclosed in the '281 Patent that an ordinary observer would be deceived into purchasing Tomy's The First Years Simply Spoutless Cups in the mistaken belief that it is the invention disclosed in the '281 Patent.

31.     Given Munchkin's compliance with the marking requirements of 35 U.S.C. § 287 with respect to the '281 Patent, Tomy knew or should have known that that its actions constitute infringement of the '281 Patent, and yet Tomy has continued in its infringement. Thus, Tomy's infringement is therefore willful and continuing, and this case is exceptional under 35 U.S.C. § 285.

32.     As a direct and proximate result of Tomy's infringement of the '281 Patent, Munchkin has suffered and will continue to suffer injury for which it is entitled to damages under 35 U.S.C. § 284 adequate to compensate it for such infringement, in an amount to be proven at trial, as well as enhanced damages. Munchkin's damages include its lost profits, but

are in no event less than a reasonable royalty. As an additional remedy for Tomy's infringement of the '281 Patent, Munchkin is entitled to recover Tomy's total profits from the sale of its The First Years Simply Spoutless Cups, but not less than $250 for each article of manufacture or any colorable imitation thereof to which Tomy applied the patented design or which Tomy sold or exposed for sale and to which such design or colorable imitation has been applied, under 35 U.S.C. § 289.

33.    As a direct and proximate result of Tomy's infringement of the '281 Patent, Munchkin has also suffered irreparable injury for which it has no adequate remedy at law. Unless Tomy is permanently enjoined from further infringement of the '281 Patent, Munchkin will continue to suffer irreparable injury and impairment of the value of its patent rights.

## PRAYER FOR RELIEF

In light of the foregoing, Plaintiff Munchkin respectfully prays for the following relief against Defendant Tomy International, Inc.:

A.    A judgment that Tomy has infringed one or more of the claims of the '796 Patent (either literally or under the doctrine of equivalents) and the '281 Patent;

B.    A permanent injunction enjoining Tomy, its officers, directors, employees, agents, representatives, parent companies, subsidiaries, and affiliates, and all persons acting in active concert or participation therewith, from engaging in any continued infringement of the '796 Patent and the '281 Patent;

C.    An award of all damages to which Munchkin is entitled under 35 U.S.C. § 284 for all past and continuing infringement, including but not limited to all lost profits and/or reasonable royalties, and an order requiring a full accounting of the same;

D.    An award of enhanced damages in accordance with the provisions of 35 U.S.C. § 284 as a result of Tomy's knowing and willful infringement;

E.    An award of damages to Munchkin equal to Tomy's total profits from the sale of its The First Years Simply Spoutless Cups, but not less than $250 for each article of manufacture or any colorable imitation thereof to which Tomy applied the patented design or which Tomy

8

sold or exposed for sale and to which such design or colorable imitation has been applied, pursuant to 35 U.S.C. § 289;

      F.      A finding that this case is exceptional under 35 U.S.C. § 285 and an award of all of the attorneys' fees incurred by Munchkin in this action;

      G.      An assessment of interest, both pre- and post-judgment, on the damages awarded;

      H.      An award of costs incurred by Munchkin in bringing and prosecuting this action; and

      I.      Any other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Munchkin hereby demands a jury trial on all issues so triable.

Dated:  September 17, 2018      Respectfully submitted,

      By:      */s/ Vladimir I. Arezina*
      One of the Attorneys for Plaintiff
      **MUNCHKIN, INC.**

      Vladimir I. Arezina (ARDC No. 6276348)
      Sara A. Barnowski (ARDC No. 6326572)
      LATHROP GAGE LLP
      155 N. Wacker Drive
      Suite 3000
      Chicago, IL 60606
      Telephone:  (312) 920-3300
      Email:  varezina@lathropgage.com
                sbarnowksi@lathropgage.com

      Travis W. McCallon*
      Luke M. Meriwether*
      LATHROP GAGE LLP
      2345 Grand Blvd.
      Suite 2200
      Kansas City, MO  64108
      Telephone:  (816) 292-2000
      Email: tmccallon@lathropgage.com
                lmeriwether@lathropgage.com
      (*pro hac vice* forthcoming)

30046467v1