IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MUNCHKIN, INC.,<br><br>                        Plaintiff,<br><br>      v.<br><br>TOMY INTERNATIONAL, INC.,<br><br>                        Defendant. | Case No. 1:18-cv-6337<br><br>**DEFENDANT'S ANSWER WITH JURY TRIAL DEMANDED** |

Defendant, TOMY International, Inc. ("TOMY") answers Plaintiff Munchkin, Inc. ("Munchkin") Complaint against Defendant as follows:

## THE PARTIES

1. Munchkin is a Delaware corporation with its principal place of business at 7835 Gloria Avenue, Van Nuys, California 91406.

**ANSWER NO. 1**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and, therefore, denies said allegations.

2. Upon information and belief, TOMY International, Inc. is a Delaware corporation with its principal place of business and corporate headquarters located at 2015 Spring Road, Suite 700, Oak Brook, Illinois 60523. Upon further information and belief, TOMY is the owner of The First Years brand, and promotes, markets, and sells the products described herein under The First Years brand name throughout this District and the United States.

**ANSWER NO. 2**: Defendant admits that it is a Delaware corporation with its principal place of business and corporate headquarters located at 2015 Spring Road, Suite 700, Oak Brook, Illinois 60523. Defendant further admits that it is the owner of The First Years brand, and

promotes, markets, and sells products under The First Years brand name throughout this District and the United States. However, Defendant denies the balance of the allegations of paragraph 2.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. § 271, §§ 281–285, § 289, and Munchkin seeks monetary damages and injunctive relief herein. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER NO. 3**: Defendant admits that the Complaint alleges claims arising under the patent laws of the United States. Defendant also admits that this Court has subject matter jurisdiction of this action. However, Defendant denies the remaining allegations of paragraph 3 of the Complaint and specifically denies any patent infringement.

4. TOMY is subject to personal jurisdiction in this District and subject to this Court's specific and general jurisdiction, pursuant to due process, on the grounds that it resides in this District and/or the State of Illinois, has committed acts of patent infringement in this District and the State of Illinois, and regularly conduct and/or solicit business, engage in other persistent courses of conduct, and/or derive substantial revenue from the sale of services to persons or entities in this District and the State of Illinois.

**ANSWER NO. 4**: Defendant admits that this Court has personal jurisdiction over it. However, Defendant denies the remaining allegations contained in paragraph 4 of the Complaint and specifically denies any patent infringement.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1400(b) because TOMY resides in this District and/or has committed acts of infringement and has a regular and established place of business in this District.

**ANSWER NO. 5**: Defendant admits that venue is proper in this District. However, Defendant denies the remaining allegations contained in paragraph 5 of the Complaint and specifically denies any patent infringement.

## FACTUAL BACKGROUND

6. Munchkin was founded in 1991 and is a market-leading designer, developer, manufacturer, and distributor of baby, infant, and children's products. Munchkin's success can be attributed to the company's expertise in developing safe and inventive baby products that make parenting easier and more enjoyable.

**ANSWER NO. 6**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and, therefore, denies said allegations.

7. Munchkin's track record of introducing innovative new technology is unparalleled in the baby products industry. Munchkin has won dozens of industry awards for its products, has been granted over 200 patents, and believes that its brand image is very important because consumers want a single trustworthy source for all of their baby care needs.

**ANSWER NO. 7**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and, therefore, denies said allegations.

8. As a market leader in the infant and children's feeding category, Munchkin has created a broad range of popular feeding products for newborns, infants, and toddlers, including spill-proof trainer cups, sippy cups, and straw cups.

**ANSWER NO. 8**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and, therefore, denies said allegations.

9. Despite the success of those products, none of those cups rival the revolutionary and best-selling Miracle® 360° Cups designed, developed, and sold by Munchkin.

**ANSWER NO. 9**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, therefore, denies said allegations.

10. As depicted in the following graphics, the Miracle® 360° Cups are revolutionary spoutless sippy and trainer cups that allow babies and toddlers to drink from anywhere around the rim of the cup like a regular adult cup without the fear of spilling. The cups incorporate a spill-proof design that automatically seals when a baby or toddler stops drinking to help eliminate spills.



**ANSWER NO. 10**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, therefore, denies said allegations.

11. As with all Munchkin products, the Miracle® 360º Cups are sold via its own website, www.munchkin.com, Amazon, and other online retailers, as well as at thousands of brick and mortar retailers nationwide like Target, Walmart, Buy Buy Baby, and more.

**ANSWER NO. 11**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and, therefore, denies said allegations.

12. Munchkin is the owner of numerous patents covering its spoutless, non-spill cup design. For example, Munchkin is the legal owner of U.S. Patent No. 9,888,796 (the "'796 Patent"), which is titled "Non-Spill Drinking Container," and includes claims directed to, among other things, a non-spill container having a collar and seal assembly from which drinking can occur at any location around the rim of the collar and seal assembly. The '796 Patent was duly and legally issued on February 3, 2018 and is valid. Munchkin is the assignee and owner of all right, title, and interest in and to the '796 Patent, including the right to assert all causes of action arising under the patent and the right to any and all remedies for infringement of it. A true and correct copy of the '796 Patent is attached hereto as Exhibit A.

**ANSWER NO. 12**: Defendant admits that the '796 Patent was issued on February 3, 2018. Defendant admits that Exhibit A appears to be a copy of the '796 Patent, which on its face is entitled "Non-spill Drinking Container". Defendant also admits that claim 1 of the '796 Patent is directed to a non-spill collar and seal assembly. Defendant lacks knowledge or information sufficient to form a belief as to the truth regarding the current assignee and owner of the '796 Patent or how many patents cover the Munchkin's Miracle® 360° Cups. Additionally, Defendant denies that the '796 Patent is valid. Finally, Defendant denies the remaining allegations contained in paragraph 12.

13.  By way of example, Claim 1 of the '796 Patent is representative:

A non-spill collar and seal assembly, comprising: a collar comprising:
an open upper end proximate to and including an upper end of a sidewall,
    an upper perimeter, and a rim;
a closed lower end having a projection extending upward therefrom and
    one or more passages disposed through the closed lower end to
    channel a fluid;
the sidewall having a tapered shape that extends from the open upper end
    inward toward the closed lower end, and a support surface
    provided along an inner surface of the sidewall adjacent to the
    open upper end having one or more protrusions disposed radially
    adjacent to the support surface defining one or more channels; and
a fastener assembly provided on an external wall of the collar; and
a seal having a surface substantially similar to a shape of the open upper end,
    the seal having an aperture for receiving and securing projection therein.

**ANSWER NO. 13**: Defendant admits that paragraph 13 recites an accurate representation of claim 1 of the '796 Patent. However, Defendant denies the remaining allegations contained in paragraph 13 of the Complaint and specifically denies any patent infringement.

14.  Munchkin is also the legal owner of U.S. Patent No. D744,281 (the "'281 Patent"), which is titled "CONTAINER." The '281 Patent was duly and legally issued on December 1, 2015 and is valid. The '281 Patent has a single claim that covers the ornamental design for a container as shown and described in the figures incorporated into the '281 Patent. Munchkin is the assignee and owner of all right, title, and interest in and to the '281 Patent,

including the right to assert all causes of action arising under the patent and the right to any and all remedies for infringement of it. A true and correct copy of the '281 Patent is attached hereto as Exhibit B.

**ANSWER NO. 14**: Defendant admits that the '281 Patent was issued on December 1, 2015. Defendant admits that Exhibit B appears to be a copy of the '281 Patent, which on its face is entitled "Container". Defendant also admits that the '281 Patent is a design patent covering an ornamental design of a container. Defendant lacks knowledge or information sufficient to form a belief as to the truth regarding the current assignee and owner of the '281 Patent. Additionally, Defendant denies that the '281 Patent is valid. Finally, Defendant denies the remaining allegations contained in paragraph 14 and specifically denies any patent infringement.

15. By way of example, Figure 1 of the '281 Patent, which shows an upper front perspective of the container, is representative:



**ANSWER NO. 15**: Defendant admits that the above is an accurate depiction of Figure 1 of the '281 Patent. However, Defendant denies the remaining allegations contained in paragraph 15 of the Complaint and specifically denies any patent infringement.

16. Munchkin has complied with the marking requirements of 35 U.S.C. § 287 with respect to the '796 and '281 Patents, to the extent applicable.

**ANSWER NO. 16**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and, therefore, denies said allegations.

17. TOMY is also engaged in the creation, manufacture, and distribution of baby, infant, and children's products, including cups, tableware, pacifiers, feeding seats, bath toys and bath accessories under the branded name The First Years.

**ANSWER NO. 17**: Defendant admits that it creates, manufactures, and distributes baby, infant, and children's products, including cups, tableware, pacifiers, feeding seats, bath toys and bath accessories under the branded name The First Years. However, Defendant denies the remaining allegations contained in paragraph 17 of the Complaint and specifically denies any patent infringement.

18. In particular, TOMY makes, sells, offers to sell, and/or imports its line of The First Years branded Simply Spoutless Cups via its own website (www.tomy.com), The First Years' website (www.thefirstyears.com), other online retailers, and various brick and mortar retail locations in this District and throughout the United States. The following are just a few examples of the spoutless cup products being sold by TOMY under The First Years brand:



**ANSWER NO. 18**: Defendant admits that it makes and sells The First Years branded Simply Spoutless Cups via its website (www.tomy.com), The First Years' website (www.thefirstyears.com), other online retailers, and various brick and mortar retail locations in this District and throughout the United States. Defendant also admits that the above are examples of the Simply Spoutless Cups. However, Defendant denies the remaining allegations contained in paragraph 18 of the Complaint.

19. On The First Years website (www.thefirstyears.com), TOMY markets The First Years Simply Spoutless Cups as "spoutless, spill-proof" cups that "helps kids transition to an open cup by letting them sip all around the rim, just like an adult's open top cup," and it promotes the "spill-proof design" that "automatically seals when your child stops drinking to stop spills."

**ANSWER NO. 19**: Defendant admits that The First Years website (www.thefirstyears.com) markets The First Years Simply Spoutless Cups as "spoutless, spill-proof" cups that "helps kids transition to an open cup by letting them sip all around the rim, just like an adult's open top cup," and that the "spill-proof design automatically seals when your child stops drinking to stop spills." However, Defendant denies the remaining allegations contained in paragraph 19 of the Complaint.

20. TOMY's The First Years Simply Spoutless Cups practice every element of one or more claims of the '796 Patent (including without limitation claims 1, 5, 9, and 15) and the '281 Patent.

**ANSWER NO. 20**: Defendant denies the allegations of paragraph 20.

## COUNT I

### (Infringement of U.S. Patent No. 9,888,796)

21. Munchkin incorporates by reference all previous allegations as though set forth fully here.

**ANSWER NO. 21**: In response to the allegations of paragraph 21, Defendant incorporates herein by reference all of their answers set forth in paragraphs 1-20.

22. TOMY has infringed and continues to infringe one or more claims of the '796 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing in or into the United States The First Years Simply Spoutless Cups identified above that embody the patented invention disclosed in the '796 Patent.

**ANSWER NO. 22**: Defendant denies the allegations of paragraph 22.

23. TOMY's infringing acts are without license or authorization from Munchkin.

**ANSWER NO. 23**: Defendant denies the allegations of paragraph 23.

24. Given Munchkin's compliance with the marking requirements of 35 U.S.C. § 287 with respect to the '796 Patent, TOMY knew or should have known that that its actions constitute infringement of the '796 Patent, and yet TOMY has continued in its infringement. Thus, TOMY' s infringement is therefore willful and continuing, and this case is exceptional under 35 U.S.C. § 285.

**ANSWER NO. 24**: Defendant denies the allegations of paragraph 24.

25. As a direct and proximate result of TOMY's infringement of the '796 Patent, Munchkin has suffered and will continue to suffer injury for which it is entitled to damages under 35 U.S.C. § 284 adequate to compensate it for such infringement, in an amount to be proven at trial, as well as enhanced damages. Munchkin's damages include its lost profits, but are in no event less than a reasonable royalty.

**ANSWER NO. 25**: Defendant denies the allegations of paragraph 25.

26. As a direct and proximate result of TOMY's infringement of the '796 Patent, Munchkin has also suffered irreparable injury for which it has no adequate remedy at law. Unless TOMY is permanently enjoined from further infringement of the '796 Patent, Munchkin will continue to suffer irreparable injury and impairment of the value of its patent rights.

**ANSWER NO. 26**: Defendant denies the allegations of paragraph 26.

## COUNT II

### (Infringement of U.S. Patent No. D744,281)

27. Munchkin incorporates by reference all previous allegations as though set forth fully here.

**ANSWER NO. 27**: In response to the allegations of paragraph 27, Defendant incorporates herein by reference all of their answers set forth in paragraphs 1-26.

28. TOMY has infringed and continues to infringe the '281 Patent under 35 U.S.C. §§ 271 and 289 by making, using, offering to sell, selling, and/or importing in or into the United States The First Years Simply Spoutless Cups identified above that embody the patented invention disclosed in the '281 Patent.

**ANSWER NO. 28**: Defendant denies the allegations of paragraph 28.

29. TOMY's infringing acts are without license or authorization from Munchkin.

**ANSWER NO. 29**: Defendant denies the allegations of paragraph 29.

30. The design of TOMY's The First Years Simply Spoutless Cups so closely resembles the invention disclosed in the '281 Patent that an ordinary observer would be deceived into purchasing TOMY's The First Years Simply Spoutless Cups in the mistaken belief that it is the invention disclosed in the '281 Patent.

**ANSWER NO. 30**: Defendant denies the allegations of paragraph 30.

31. Given Munchkin's compliance with the marking requirements of 35 U.S.C. § 287 with respect to the '281 Patent, TOMY knew or should have known that that its actions constitute infringement of the '281 Patent, and yet TOMY has continued in its infringement. Thus, TOMY's infringement is therefore willful and continuing, and this case is exceptional under 35 U.S.C. § 285.

**ANSWER NO. 31**: Defendant denies the allegations of paragraph 31.

32. As a direct and proximate result of TOMY's infringement of the '281 Patent, Munchkin has suffered and will continue to suffer injury for which it is entitled to damages under 35 U.S.C. § 284 adequate to compensate it for such infringement, in an amount to be proven at trial, as well as enhanced damages. Munchkin's damages include its lost profits, but are in no event less than a reasonable royalty. As an additional remedy for TOMY's infringement of the '281 Patent, Munchkin is entitled to recover TOMY's total profits from the sale of its The First Years Simply Spoutless Cups, but not less than $250 for each article of manufacture or any colorable imitation thereof to which TOMY applied the patented design or which TOMY sold or exposed for sale and to which such design or colorable imitation has been applied, under 35 U.S.C. § 289.

**ANSWER NO. 32**: Defendant denies the allegations of paragraph 32.

33. As a direct and proximate result of TOMY's infringement of the '281 Patent, Munchkin has also suffered irreparable injury for which it has no adequate remedy at law. Unless TOMY is permanently enjoined from further infringement of the '281 Patent, Munchkin will continue to suffer irreparable injury and impairment of the value of its patent rights.

**ANSWER NO. 33**: Defendant denies the allegations of paragraph 33.

## FIRST AFFIRMATIVE DEFENSE

Munchkin's Complaint fails to set forth a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

No valid claim of the '796 patent is infringed, directly or indirectly, either literally or under the doctrine of equivalents, willfully or otherwise.

## THIRD AFFIRMATIVE DEFENSE

No valid claim of the '281 patent is infringed, directly or indirectly, either literally or under the doctrine of equivalents, willfully or otherwise.

## FOURTH AFFIRMATIVE DEFENSE

The claims of the '796 patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, to 35 U.S.C. §§ 102, 103 and/or 112.

## FIFTH AFFIRMATIVE DEFENSE

The claims of the '281 patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, to 35 U.S.C. §§ 102, 103 and/or 112.

## COUNTERCLAIMS

## NATURE OF COUNTERCLAIMS

Without waiving the foregoing Defenses, Counterclaim Plaintiff TOMY International, Inc., by counsel, assert the following counterclaims alternatively seeking a declaration of their non-infringement of the '796 patent and the '281 Patent.

## THE PARTIES AND FACTUAL ALLEGATIONS

1. Counterclaim Plaintiff TOMY International, Inc. is a Delaware corporation with its principal place of business and corporate headquarters located at 2015 Spring Road, Suite 700, Oak Brook, Illinois 60523.

2. Upon information and Belief, Counterclaim Defendant Munchkin, Inc. ("Munchkin") is a Delaware corporation with its principal place of business at 7835 Gloria Avenue, Van Nuys, California 91406.

3. Munchkin alleges in the Complaint that it is the owner of all right, title, and interest in and to U.S. Patent No. 9,888,796 ("'796 patent"). Munchkin also alleges in the Complaint that it is the owner of all right, title, and interest in and to U.S. Patent No. D744,281 ("'281 patent").

4. In the Complaint, Munchkin alleges that Counterclaim Plaintiff has infringed the '796 Patent and the '281 Patent.

## JURISDICTION AND VENUE

5. These Counterclaims arise under the patent law, Title 35 of the United States Code, and are a claim for declaratory judgment under 28 U.S.C. §§2201 and 2202 of patent non-infringement and invalidity. This Court has jurisdiction of these Counterclaims under 28 U.S.C. § 1331 and 1338(a) and under the patent laws.

6. As evidenced by the Complaint, an actual and justiciable controversy exists between Counterclaim Plaintiff and Munchkin with respect to the non-infringement and/or invalidity of the '796 Patent and the '281 Patent, and Munchkin alleged the right to assert these patents against Counterclaim Plaintiff and obtain relief therefrom.

7. Absent a declaration of non-infringement, Munchkin will continue to wrongfully assert the '796 Patent and '281 Patent against Counterclaim Plaintiff and thereby cause it irreparable harm and damages.

8. Jurisdiction and venue is proper in this District because, by filing its Complaint, Munchkin has submitted to the venue and jurisdiction of this Court.

**NO VALID CLAIM OF THE '796 PATENT IS INFRINGED**

9. Munchkin has identified only one product in the Complaint as infringing the '796 Patent: The First Years branded Simply Spoutless Cups, which are shown below



10. As is readily apparent from a visual review, The First Years branded Simply Spoutless Cups do not have, *inter alia*, a "closed lower end having a projection extending upward therefrom and one or more passages disposed through the closed lower end to channel a fluid". As such, it does not meet the limitations of claim 1 of the '796 Patent and so cannot infringe that claim or any claim depending on claim 1. For similar reasons, The First Years branded Simply Spoutless Cups cannot infringe independent claim 9 of the '796 Patent or any claim depending on claim 9 and independent claim 15 of the '796 Patent or any claim depending on claim 15.

11. For all the reasons set forth above, Counterclaim Plaintiff does not infringe any claim of the '796 Patent.

## NO VALID CLAIM OF THE '281 PATENT IS INFRINGED

12. Munchkin has identified only one product in the Complaint as infringing the claimed design of the '281 Patent: The First Years branded Simply Spoutless Cups.

13. As is readily apparent from a visual review, The First Years branded Simply Spoutless Cups lack several ornamental features claimed by the '281 Patent, such as, but not limited to, a bulbous container, holes in the lid, a concave lip, and a flat bottom of the container. Due to these obvious differences, an ordinary observer would not find that The First Years branded Simply Spoutless Cups are substantially the same as the claimed design of the '281 Patent.

14. For all the reasons set forth above, Counterclaim Plaintiff does not infringe the claimed design of the '281 Patent.

## FIRST COUNTERCLAIM
### (Non-infringement of U.S. Patent No. 9,888,796)

15. Counterclaim Plaintiff incorporates by reference paragraphs 1-14 as though set forth fully here.

16. Counterclaim Plaintiff does not infringed and has never infringed the '796 Patent.

## SECOND COUNTERCLAIM
### (Non-infringement of U.S. Patent No. D744,281)

17. Counterclaim Plaintiff incorporates by reference paragraphs 1-16 as though set forth fully here.

18. Counterclaim Plaintiff does not infringed and has never infringed the '281 Patent.

## **RESERVATION OF RIGHTS**

Counterclaim Plaintiff's investigation of the matters herein alleged is ongoing. Counterclaim Plaintiff expressly reserves the right, pursuant to Fed. R. Civ. P. 15, to supplement or amend their Answer and Counterclaim upon further investigation.

## **PRAYER FOR RELIEF**

By reason of the foregoing, Counterclaim Plaintiff requests judgment as follows:

1. Dismissing Plaintiff and Counterclaim Defendant Munchkin's Complaint in its entirety;

2. Declaring that Counterclaim Plaintiff has not infringed and do not infringe any claim of the '796 Patent;

3. Declaring that Counterclaim Plaintiff has not infringed and do not infringe the '281 Patent;

4. Declaring this case to be exceptional and awarding Counterclaim Plaintiffs their costs and litigation expenses, including reasonable attorneys' fees, pursuant to 35 U.S.C. § 285; and

5. Granting such other and further relief as the Court may deem just and equitable.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), TOMY hereby demands a jury trial on all issues so triable.

Dated this 9th day of November, 2018.

                                                     HUSCH BLACKWELL LLP
                                                     Attorneys for TOMY International, Inc.

By:   s/ Thomas P. Heneghan
         Thomas P. Heneghan
         33 East Main Street, Suite 300
         P.O. Box 1379
         Madison, Wisconsin 53701-1379
         608.255.4440
         608.258.7138 (fax)
         Tom.Heneghan@huschblackwell.com

and

Nathan Sportel
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
312.526.1552
312.622.1500 (fax)
Nathan.Sportel@huschblackwell.com