**EXHIBIT A**

**REPORT OF THE PARTIES' PLANNING MEETING**

Pursuant to this Court's Local Patent Rules, the parties submit this report of their planning meeting, per the format provided in Appendix A to the Local Patent Rules.

1. <u>Rule 26(f) Conference</u>. The following persons participated in a Rule 26(f) conference on March 18, 2019 by teleconference:

    Travis McCallon and Eric Sidler for Plaintiff Munchkin;

    Thomas P. Heneghan and Nathan Sportel for Defendant TOMY.

2. <u>Initial Disclosures</u>. The parties exchanged initial disclosures required by Rule 26(a)(1) on December 14, 2018.

3. <u>Disclosure and Discovery Pursuant to Local Patent Rules</u>. The parties acknowledge that the requirements of the Local Patent Rules apply to this case.

4. <u>Additional Discovery Plan</u>. The parties proposed the following in addition to the discovery plan and schedules addressed in the Local Patent Rules:

    a. The rules for Interrogatories set forth under Fed. R. Civ. P. 33 shall apply to this case.

    b. The parties may serve up to 50 Requests for Admission in accordance with the procedures of Fed. R. Civ. P. 36. Requests solely to authenticate a document will not be counted against the limit of 50 Requests.

    c. The rules for Depositions set forth under Fed. R. Civ. P. 30 shall apply to this case. Depositions of retained experts do not count toward the limit on number of depositions a party may take.

    d. Discovery is permitted with respect to claims of willful infringement and defenses of patent invalidity or unenforceability pleaded by a party, where the evidence needed to support these claims or defenses is in whole or in part in the hands of another party.

5. <u>Alternative Discovery Plan</u>. N/A

6. <u>Other Dates</u>.

    a. The parties agree that no modification of the timing provisions contained within Rule 26(e) is necessary with respect to supplementation in this case.

    b. The parties are scheduled to meet with the Court for Status Hearing on April 23, 2019, after the submission of the parties' planning report.

    c.      The parties request that the Court set an appropriate pretrial conference in accordance with the Court's calendar.

    d.      The parties agree to May 15, 2019, as the deadline for a party to bring a motion under Rule 15 to amend pleadings and/or join parties.

    e.      The parties shall submit Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists no later than forty-five (45) days prior to trial.

    f.      The parties will meet and confer over objections, if any, to witnesses, deposition designations, and exhibits, and to the extent any objections remain unresolved, the parties will file objections under Rule 26(a)(3) within twenty-one (21) days after such designations are made by the opposing party.

7. <u>Other Items</u>.

    a.      The parties have engaged in preliminary settlement discussions without resolution and expect to continue those discussions as the case proceeds.

    b.      If the parties are unsuccessful in achieving resolution by direct negotiation, they are willing to proceed to formal mediation, but do not think they have reached that point in their negotiations to date.

    c.      Communications between a party's attorney and a testifying expert relating to the issues on which he/she opines, or to the basis or grounds in support of or countering the opinion, are subject to discovery by the opposing party only to the extent provided in Rule 26(b)(4)(B) and (C).

    d.      In responding to discovery requests, each party shall construe broadly terms of art used in the patent field (e.g., "prior art", "on sale," etc.), and read them as requesting discovery relating to the issue as opposed to a particular definition of the term used. Compliance with this provision is not satisfied by the respondent including a specific definition of the term in its response, and limiting the response to that definition.

    e.      The parties agree the video "An Introduction to the Patent System" distributed by the Federal Judicial Center, should be shown to the jurors in connection with its preliminary jury instructions.

    f.      The parties agree that the provisions of the America Invents Act concerning the revisions to 35 U.S.C. §§102 and 103 apply to all Patents-in-Suit in this case.

    g.      The parties filed a Stipulated Protective Order on December 10, 2018 (Dkt. No. 18).

Dated: March 21, 2019

| | |
|---|---|
| /s/ Luke M. Meriwether<br>Vladimir I. Arezina (ARDC No. 6276348)<br>Sara A. Barnowski (ARDC No. 6326572)<br>LATHROP GAGE LLP<br>155 N. Wacker Drive<br>Suite 3000<br>Chicago, IL 60606<br>Telephone: (312) 920-3300<br>Email:<br>varezina@lathropgage.com<br>sbarnowksi@lathropgage.com<br><br>Travis W. McCallon<br>Luke M. Meriwether<br>LATHROP GAGE LLP<br>2345 Grand Blvd.<br>Suite 2200<br>Kansas City, MO 64108<br>Telephone: (816) 292-2000<br>Email:<br>tmccallon@lathropgage.com<br>lmeriwether@lathropgage.com<br><br>*Attorneys for Plaintiff Munchkin, Inc.* | /s/ Thomas Heneghan<br>Thomas P. Heneghan (ARDC No. 6201292)<br>33 East Main Street, Suite 300<br>P.O. Box 1379<br>Madison, Wisconsin 53701-1379<br>608.255.4440<br>608.258.7138 (fax)<br>Tom.Heneghan@huschblackwell.com<br><br>and<br><br>Nathan Sportel (ARDC No. 6304061)<br>120 South Riverside Plaza, Suite 2200<br>Chicago, IL 60606<br>312.526.1552<br>312.622.1500 (fax)<br>Nathan.Sportel@huschblackwell.com |